IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES MEYER,**

**Plaintiff,**

**v.**                                                              **No. 06-726 DRH**

**CINGULAR WIRELESS, L.L.C.,**

**Defendant.**

## ORDER

**HERNDON, District Judge:**

### I. Introduction

On August 18, 2006, Plaintiff James Meyer ("Plaintiff") filed a Complaint against Defendant Cingular Wireless, Inc. ("Defendant") in the Circuit Court of Madison County, Illinois alleging that Defendant had wrongfully discharged Plaintiff in retaliation for Plaintiff making complaints regarding health and safety conditions in the work environment. (Doc. 2, Ex. A.) Defendant removed the case to this Court on September 20, 2006.

On February 16, 2007, Defendant filed a motion for judgment on the pleadings. (Doc. 17.) Plaintiff responded in opposition (Doc. 19) and Defendant submitted a reply (Doc. 20). After taking the briefs under advisement, the Court determined that summary judgment would be appropriate in this case. Therefore, in an Order dated September 7. 2007, the Court notified the parties that it would be converting Defendant's motion to dismiss into a motion for summary judgment and

1

invited the parties to submit additional briefs and documents.[1] (Doc. 46.) Defendant submitted a brief in support. (Doc. 52.)  Plaintiff filed a supplemental brief in opposition. (Doc. 55.)

## II.  Background

Plaintiff worked for Defendant as a field engineer from March 12, 1996 until November 30, 2004.  Sometime around September 2004, Defendant entered into an agreement to sell Cingular Interactive ("CI") to Cerberus Capital Management L.P. ("Cerberus").

On or about September 30, 2004, Defendant sent a letter to all of its CI employees advising them of the sale and notifying them that all CI employees would be terminated, and that CI would no longer be a Cingular division.  The letter also informed CI employees that they might be offered employment with Cerberus, but that those who were not offered employments would be laid-off by Defendant on November 30, 2004.  Approximately 85 CI employees were not hired by Cerberus. On November 30, 2004, Defendant sent all CI employees who were not rehired, including Plaintiff, a severance package. (Doc. 18, Ex. A.)  Plaintiff's severance package provided for $16,883.64 in severance and a Release Agreement ("Release") for Plaintiff to sign and return.  The Release provided that "[a]s consideration for the benefits extended to Employee under the terms of this Release, Employee agrees . .

---

[1] A court may grant summary judgment sua sponte if it gives "the losing party reasonable notice and a fair opportunity to be heard." ***Johnson v. ExxonMobil Corp.*, 426 F.3d 887, 893 (7th Cir. 2005)**.  The September 7, 2007 Order (Doc. 46) gave both parties reasonable notice and an opportunity to be heard.

. to forever release and discharge the Company . . . from any and all claims, . . . causes of actions . . . of every nature whatsoever known or unknown, suspected or unsuspected, filed or unfiled, arising out of or in connection with Employee's employment by and termination from the Company prior to the effective date of this Release." (*Id*. at 247.) The Plaintiff maintains that he did not sign or return the release. On approximately January 14, 2005, Defendant sent Plaintiff a check in the amount of $12, 214.13. (*Id*., Ex. B.) The check was attached to a statement that contained payment details. (Doc. 20, Ex. A.) The check included $4,434.63 as an annual bonus and $16,883.64 less applicable withholdings as a severance payment. These amounts are clearly delineated on the pay stub. Plaintiff cashed the check on January 19, 2005. (Doc. 18, Ex. B.) Plaintiff maintains that he did not read the severance agreement or release and that he was unaware that the check was intended to be a severance payment. (Doc. 19, Ex. A.)

### III. Legal Standard for Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Oats v. Discovery Zone*, **116 F.3d 1161, 1165 (7th Cir. 1997)** (citing *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986)**). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997)** (citing *Celotex*, **477 U.S. at**

**323**). In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***Celex Group, Inc. v. Executive Gallery, Inc.*, 877 F. Supp. 1114, 1124 (N.D. Ill. 1995) (Castillo, J.)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. ***Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998)** (citing ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)**).

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in his pleadings. Rather, she must show through specific evidence that an issue of fact remains on matters for which she bears the burden of proof at trial. ***Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd,* **51 F.3d 276** (citing ***Celotex*, 477 U.S. at 324**). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson*, 477 U.S. at 249-50** (citations omitted); *accord* ***Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996)**; ***Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**. "[Nonmovant's] own uncorroborated testimony is insufficient to defeat a motion for summary judgment." ***Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 939 (7th Cir. 1997)**. Further, the non-moving party's own subjective belief does not create a genuine issue of material fact. ***Chiaramonte v. Fashion Bed***

4

*Group, Inc.*, **129 F.3d 391, 401 (7th Cir. 1997)**.

## IV. Analysis

Defendant argues that Plaintiff accepted and became bound by the terms of the severance agreement when Plaintiff cashed the severance payment. Under Illinois and Seventh Circuit law, Defendant asserts, a party "may become bound to a contract by accepting its benefits, even though he did not sign it." *Skelton v. Gen. Motors Corp.*, **860 F.2d 250, 259 (7th Cir. 1998).** *See also Bi-County Properties v. Wampler*, **61 Ill.App.3d 799, 805, 18 Ill.Dec. 847, 378 N.E.2d 311 (1978) ("Conduct, including an acceptance of benefits under a contract, may be sufficient to constitute a ratification binding on the party accepting the benefits as if he had signed the contract.")** Furthermore, "a party to a contract cannot retain the consideration of a part of it, and refuse to be bound by the contract or a part of it." *Babcock v. Farwell*, **245 Ill. 14, 39 (Ill. 1910)**.

In this case, Plaintiff does not dispute that he cashed the severance payment offered by Defendant. Plaintiff's only defense is that he did not sign the severance agreement and that he did not *understand* that the check was intended to be severance pay. If, in fact, the Court were required to determine Plaintiff's state of mind or knowledge when he cashed the severance payment, then the Court would be forced to make credibility determinations and summary judgment would be inappropriate. While Plaintiff argues that there was no "meeting of the minds" and, therefore, the requisite intent is not present, the Court, following Illinois' objective

5

theory of intent, refuses to delve into Plaintiff's state of mind. Instead, the Court finds, based on Plaintiff's *actions* (i.e., cashing the severance payment that was clearly marked "severance pay") that Plaintiff intended to accept the benefit of the severance package and, accordingly, should be bound by its terms. ***See Skycom Corp. v. Telstar Corp.*, 813 F.2d 810, 814 (7th Cir. 1987) ("The intent of the parties [to be bound] must necessarily be derived from a consideration of their words, written and oral, and their actions.)**

By cashing the severance check, Plaintiff accepted Defendant's consideration. Based on the terms of the severance agreement, and in return for this consideration, Plaintiff was to release all claims against Defendant. Plaintiff, therefore, is explicitly barred, under the terms of the severance agreement, from bringing this lawsuit against Defendant.

## V. Conclusion

For the foregoing reasons, the Court **GRANTS** summary judgment in favor of Defendant. This matter is dismissed with prejudice. Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 24th day of September, 2007.

/s/        DavidRHerndon
**United States District Judge**